BENJAMIN S. LE FEVRE *vs.* BRIDGET CROSSAN.

1.  PLEADING—CONFESSION AND AVOIDANCE.

Every justification pleaded must, expressly or tacitly, confess the act which it is intended to justify, and usually one may not plead in avoidance of a fact which the plea does not admit, for it is the object of such plea to confess the truth of the allegations which it proposes to answer and avoid.

2.  ASSAULT AND BATTERY—CIVIL LIABILITY—DEFENSES—MOLLITER MANUS IMPOSUIT.

The defense or right *molliter manus imposuit* does not primarily authorize nor its exercise require, anything more than gentle, moderate force; and while it is a good defense to a civil assault, or to a charge of removing a person unlawfully in one's house or on his premises without unnecessary force or violence, it is no defense to a charge of beating and wounding.

3.  ASSAULT AND BATTERY—CIVIL LIABILITY—PLEA IN JUSTIFICATION— MOLLITER MANUS IMPOSUIT—SUFFICIENCY.

A plea in justification of a right to use gentle and moderate force, which admits as true a declaration charging an immoderate and aggravated use of force, is bad on demurrer.

4.  ASSAULT AND BATTERY—CIVIL LIABILITY—PLEA IN JUSTIFICATION.

Where plaintiff, who declared on an unlawful and violent assault, forcibly resisted the defendant in the exercise of his right to remove him from his premises by gentle and moderate force, whereby it became necessary and the defendant became entitled to use more than moderate and gentle force, this fact should be set forth in a plea of justification; and, when this is done, it is not necessary to particularly set forth the nature and extent of the force used by plaintiff to make the plea a sufficient answer to the declaration.

(*April* 5, 1912.)

Judges BOYCE and CONRAD sitting.

*Horace G. Eastburn* and *Caleb E. Burchenal* for plaintiff.

*Daniel O. Hastings* for defendant.

Superior Court, New Castle County, March Term, 1912.

ACTION OF TRESPASS VI ET ARMIS (No. 90, May Term, 1911).

Demurrer to defendant's special plea to the declaration. (See *post*, also 84 *Atl.*, 128.)

BOYCE, J., delivering the opinion of the court:

This is an action of trespass *vi et armis*. The declaration contains several counts in which it is substantially charged that the plaintiff, at the special instance and request of the defendant, entered the barroom of the defendant, in the City of Wilmington,

which room was in charge of a servant of the defendant, commonly called a bartender, and while the plaintiff was in the act of attempting to assist a friend, who was partly intoxicated, from said room, the defendant, by her servant, unlawfully, wantonly, etc., struck, pushed, pulled, shoved, forced, threw and caused him, the plaintiff, to be thrown out of the door leading from said room upon the pavement, sidewalk or street with great force and violence whereby his left hip and leg were broken and his back, side and other parts of his body were greatly bruised, lacerated and injured, etc., and was then and there permanently injured, etc.

To each of said counts, the defendant pleaded; not guilty, release, statute of limitations, and a special plea of justification in defense of the several trespasses alleged. The plaintiff demurred to said special plea, and it is insisted that said plea, which is intended to justify or excuse the several trespasses alleged, should enumerate and cover the whole declaration, but does not do so, and that it does not aver any sufficient justification or excuse for the several trespasses mentioned in the declaration or make any denial thereof.

Usually the enumeration of the trespasses intended to be justified depend upon and should embrace the whole declaration. 1 *Chit. Plead.* § 501.

[1] It is a principle of pleading that every justification pleaded must, expressly or tacitly, confess the act which it is intended to justify. And usually one may not plead in avoidance of a fact, which the plea does not admit, for it is of the essence of such a plea to confess the truth of the allegation which it proposes to answer and avoid. *Gould's Plead.* § 111, *p.* 340; 1 *Steph. Plead.* 199.

[2] The plea of *molliter manus imposuit*, such as is pleaded in this case, is a good plea in justification to a declaration alleging a simple assault. It is a good plea to a charge of removal of a person unlawfully in one's house, or on his premises, and in other instances, according to the circumstances and degree of force used. But it is no answer to a charge of beating, bruising, wounding and ill treating the plaintiff. *Gates v. Lounsbury*, 20 *Johns.* (*N. Y.*) 427.

Though this plea would justify what the law might consider necessary to put the party out of the house, or off the premises, without unnecessary force or violence, yet it never was considered as a sufficient answer to a charge, such as is contained in the declaration. *Gregory v. Hill*, 8 *Term Rep.* 299.

[3, 4]   And this is so for the reason that the right which the defendant sets up does not primarily authorize, nor its exercise require, anything more than gentle, moderate force.   The plea only shows a right to use gentle and moderate force, while it admits the declaration to be true which charges an immoderate and aggravated use of it.   If the plaintiff forcibly resisted the defendant, in this exercise of his right, whereby it became necessary, and the defendant became entitled, to use more than moderate or gentle force to assert and enforce his right, this also must be set forth in the plea, and when this is done the plea becomes analogous to the plea of *son assault demesne* and it is not necessary to set forth minutely or particularly the nature and extent of the force used by the plaintiff to make the plea a sufficient answer to the declaration.

[5]   If the plaintiff persisted in remaining and resisted the defendant's efforts to remove him, or if he then attacked the defendant, whereby it became necessary for him to use more force, in order to remove him, this should have been alleged in the plea, for the plea must contain sufficient to apparently justify the defendant for all the declaration alleges.   *Mellen v. Thompson et al.*, 32 *Vt.* 407.

The demurrer is sustained.