## FREDUS VANSANT *vs.* JOHN KOWALEWSKI.

1. EVIDENCE—QUESTIONS FOR JURY—CONSIDERATION OF EVIDENCE—CREDIBILITY OF WITNESSES.

The evidence is for the consideration of the jury, to be sifted and considered in a fair and honest manner. Where the evidence is conflicting, the jury must reconcile it if they can; but, if not, they are to believe such witnesses as they deem most worthy, and reject that evidence which is less worthy of credit, having regard to the interest, bias, or prejudice of the witnesses, their intelligence, and their opportunity to have seen, understood, and remembered that to which they have testified.

2. INNKEEPERS—GUESTS—INJURIES—CIVIL ACTION—DEFENSES—TRESPASSERS.

Where plaintiff sued for an assault and battery upon him, and the defense was that plaintiff and his companion were trespassers in defendant's tavern and were ejected by defendant and his servant without unlawful force, the plaintiff cannot be held responsible for unlawful acts on the part of his companion, and the defendant is not liable for the assault committed upon the companion.

3. INNKEEPERS—IMPLIED LICENSE—TAVERN.

A licensed tavern is a public place, which a person has a right to enter, and in which he may remain a reasonable time, provided he conducts himself in an orderly and peaceable manner.

4. ASSAULT AND BATTERY—IMPLIED LICENSE—DISORDERLY CONDUCT.

Where one who has entered a tavern conducts himself therein in a disorderly manner, and refuses to leave upon request, he becomes a trespasser, and may be ejected by a resort to so much force as is necessary, without acquiring a right of action for such ejection.

5. ASSAULT AND BATTERY—CIVIL ACTION—DEFENSES—EJECTING TRESPASSER.

Before the proprietor of a barroom can forcibly remove a person therefrom, such person must have committed some act by which he becomes a trespasser, and must have first been ordered to leave before the proprietor is entitled to use such force as is necessary to remove him.

6. ASSAULT AND BATTERY—CIVIL ACTION—BURDEN OF PROOF—"PREPONDERANCE OF THE TESTIMONY".

In an action for assault and battery, the plaintiff must establish his claim by a "preponderance of the testimony", by which is meant the greater weight and value of the testimony, not the greater number of witnesses.

7. ASSAULT AND BATTERY—CIVIL ACTIONS—ISSUES—ACTS OF SERVANT.

Where the plaintiff charged in the pleadings that the assault upon him was made by the defendant, and not by defendant's agent or servant, he is entitled to prove the commission of the act by the defendant only.

8. ASSAULT AND BATTERY—MEASURE OF DAMAGES.

In an action for assault and battery, the measure of plaintiff's damages is such sum as will reasonably compensate him for the suffering and loss sustained, or that he may hereafter sustain, by reason of the injuries, including pain and suffering of mind and body, loss of bodily powers, inability to

perform ordinary labor, and incapacity to earn money in the past or future, and adequate compensation for medical expenses and loss of time which are the immediate and necessary consequences of the injuries sustained by him.

9. ASSAULT AND BATTERY—EXEMPLARY DAMAGES.

Exemplary damages may be recovered for assault and battery, if it appears that the injury complained of was not only wrongful and unlawful, but also malicious, or willful and wanton, in its character.

ON MOTION FOR NEW. TRIAL.

10. NEW TRIAL—BURDEN OF PROOF.

The burden is on the party applying for a new trial to show that injustice has been done, and that a new trial would be likely to result in a different verdict.

11. NEW TRIAL—DISCRETION OF COURT.

The granting of new trials is within the legal discretion of the court, and they will not be granted unless the court is convinced that such course would promote the ends of justice.

12. NEW TRIAL—GROUNDS—NEWLY DISCOVERED EVIDENCE—DILIGENCE.

The court will not grant a new trial to a party to enable him to produce evidence which he might have submitted at the first trial, but did not.

13. NEW TRIAL—NEWLY DISCOVERED EVIDENCE—CUMULATIVE EVIDENCE—IMPEACHING EVIDENCE.

Affidavits in support of a motion for a new trial, which are cumulative and corrobative of the testimony produced at the trial, or which tend only to impeach the credibility of the adverse party and raise a conflict as to a secondary matter, do not require the granting of a new trial.

(*January* 29, 1914.)

Judges CONRAD and WOOLLEY sitting.

*David J. Reinhardt* for plaintiff.

*Harry Emmons* for defendant.

Superior Court, New Castle County, January Term, 1914.

Action by Fredus Vansant against John Kowalewski. Verdict returned for plaintiff, and motion for new trial refused.

ACTION OF TRESPASS—assault and battery—(No. 87, November Term, 1913) to recover damages for personal injuries alleged to have been occasioned by the defendant on the eleventh day of October, 1913, in forcibly ejecting the plaintiff from the barroom of his inn or tavern, located at the corner of Maryland Avenue and Chestnut Street in the City of Wilmington.

The plaintiff testified to the effect that he met H., his neighbor, on the street quite drunk, and requested the latter to go home with him, which he consented to do upon getting another drink; that they immediately went into defendant's saloon; that the latter declined to let H. have a drink, saying "I don't want you here," and then pulled him away from the bar; that there was no disturbance, the only trouble being that H. was drunk; that the defendant told him to go out, but instead he went towards the bar; that the bartender went around, and he and the defendant grabbed H.; that the defendant then pushed plaintiff very hard out of the door, and as he did so the swinging doors hit plaintiff in the face, and he fell, striking his hip against the step, and greatly injured his knee as he fell upon the pavement; and that H. was shoved out of the door and fell on top of plaintiff, further injuring him.

Plaintiff contended that as a result of the injuries received, he was incapacitated from performing any work for three weeks and that his left knee was permanently injured, in that it would slip out of joint while at work, causing him great pain and suffering, and seriously interfering with his ability to perform ordinary labor.

The defendant contended that, on the day that plaintiff was injured, H. had come to his saloon and acted in a disorderly manner and that he had put him out; that in five or ten minutes thereafter he came back with the defendant, cursing, and wanted to fight; that he then got hold of H. and the bartender got hold of Vansant and put them out of doors; and that he at no time placed his hands upon the plaintiff, Vansant.

CONRAD, J., charging the jury:

Gentlemen of the jury:—This is an action of trespass on the case, instituted by the plaintiff to recover from the defendant damages for injuries to his person alleged by him to have been sustained by reason of the plaintiff being unlawfully ejected from the property of the defendant by the defendant himself.

It is admitted that the defendant, John Kowalewski, on the eleventh day of October, 1913, and at other times immediately

preceding and following that date, kept and conducted an inn or tavern located at the corner of Maryland Avenue and Chestnut Street in the City of Wilmington and State of Delaware, at which inn or tavern the defendant was licensed to sell intoxicating liquors and did sell such intoxicating liquors, and did there maintain a room, commonly called a barroom, to which the public were invited for the purpose of purchasing and drinking intoxicating liquors.

The plaintiff charges that he was upon the premises of the defendant for a lawful purpose and while there, conducting himself in a lawful and peaceable manner, was violently, wantonly, forcibly, willfully and maliciously pushed and ejected therefrom by the defendant; that the force and violence used by defendant was much in excess of the necessity of the situation, and that by reason of the force and violence the defendant was injured in his left knee and otherwise, from which he suffered great bodily pain, and was compelled to lay out and expend divers sums of money in his effort to be cured.

The defendant pleads not guilty, act of limitations and *son assault demesne*, and the contention upon the part of the defendant is that no assault was committed by him on plaintiff, that in ejecting plaintiff from the premises he used only such force as was necessary and lawful and that any injury sustained by plaintiff arose from other causes than his ejection from the saloon. The defendant claims that plaintiff was disorderly on the premises and that he had the right to eject him, using only such means and force as were necessary.

[1] The evidence in this case, as in all cases under our state Constitution, is for the consideration of the jury alone. With the evidence the court has nothing to do, but you are to sift and consider in a fair and honest way the testimony as you have heard it from the different witnesses and from that make up your verdict in this case. Where the evidence is conflicting you must reconcile it if you can, but if you are not able to do that, you can believe such of the witnesses as you deem most worthy of belief and reject that evidence which in your opinion is less worthy of credit, at all times remembering the interests, bias or prejudice

which the witnesses may have in the cause, and having regard to the intelligence of the witnesses and their opportunity to have seen and understood and remembered that to which they have testified.

[2]   The court would remind you that Vansant, the plaintiff in this case, is responsible only for his own acts, and we would caution you that he cannot be held liable for any disorder or unlawful act on the part of Hill or any one else, and in this case the defendant cannot be held liable for anything that happened to Hill.

[3, 4]   A licensed inn or tavern is a public place to which the public has a right to go, and going has a right to remain as long as is consistent with the lawful purposes with which the right is employed.   If a person enters and is received in an inn or tavern as a guest, he has a right to remain there a reasonable time, if he behaves himself peaceably and properly and pays the amount charged for his entertainment.   *State v. Whitby*, 5 *Harr.* 494.   If he enters the barroom of an inn or tavern for the purpose of drink or refreshment, being in a physical condition to receive the same and conducting himself in an orderly and peaceable manner, he has a right to enter the barroom and remain long enough to satisfy the lawful purpose for which he entered.   He may, by his conduct convert neither place into a place different in character from that for which it was intended by its license.   He cannot make of the barroom a loafing place or a place for the display of his temper, appetites or passions.   Therefore, when a person enters a barroom wrongfully, that is, with force and disorder in the first instance, or returns thereto in a disorderly manner after having but shortly before been requested to leave or been lawfully expelled, he may be put out in a proper manner, or having entered peaceably and rightfully by virtue of the license extended to him as one of the public, and he thereafter becomes profane or disorderly, and if, upon request he refuses to leave, he forfeits his right to remain for any purpose and becomes a trespasser, and like any trespasser may be put out by resort to so much force as is necessary.   *State v. Whitby*, 5 *Harr.* 495; *McDermott v. Kennedy*, 1 *Harr.* 143; *Watson v. Hastings*, 1 *Penn.* 47, 39 *Atl.* 587.

Charge.

When a person for such reasons is in such a manner ejected from a tavern, and injury results to him, the law considers the injury to be the result of his own misconduct rather than the result of the conduct of him who ejects him in a lawful manner, and for such an injury the law accords to him no right of recovery.

[5]   In order to warrant the forcible removal of a person from a barroom by the proprietor or his servant, there must first be some lawful reason or excuse to prompt and justify the removal. Being present by invitation or permission extended to the public by reason of the character of the place for which a license is granted, a person must have done something or threatened to do something by which the invitation or permission is withdrawn and by his unlawful presence he becomes a trespasser. If he becomes disorderly, or threatens a breach of the peace, he is in law a trespasser and the proprietor or his servant may lawfully put him out. But in removing a disorderly person from a tavern, being a public place, it is the duty of the proprietor or his servant first to order the person to go out, and if he refuses, he may then remove him, but in doing so he may use only such force as is necessary for the purpose. *Le Fevre v. Crossan*, 3 *Boyce* 379, 84 *Atl.* 127.

[6]   In this case, as in all civil cases, the plaintiff must establish his claim by a preponderance of the testimony which means the greater weight of the testimony and unless he has done that he cannot recover, and by preponderance is meant, not the greater number of witnesses but the value and weight of the testimony.

[7]   In the case before you the plaintiff cannot recover unless the testimony satisfies you that the injuries alleged were caused by an assault or ejection made by the defendant himself. Under the pleadings plaintiff charges the assault or trespass as made by the defendant, and not by his agent or servant, so he is held to proof of the wrong by the defendant only.

[8]   If the jury shall find for the plaintiff, it may find for him such adequate sum as will reasonably compensate him for the alleged injuries and outlays shown by the evidence to have been received or expended by him, having regard to the suffering and

loss that he may hereafter sustain by reason of said injuries as well as to that already sustained by him, and including therein, if proven, his pain and suffering of mind and body, loss of bodily and mental powers, inability to perform ordinary labor, and incapacity to earn money in the past or in the future, and adequate compensation for medical expenses and loss of time which are the immediate and necessary consequences of the injuries sustained by him.

[9] The plaintiff claims not only compensatory damages, which means compensation or recompense for the injury sustained, but he also claims exemplary or punitive damages. In actions of this kind both kinds of damages may be awarded if in the judgment of the jury the testimony warrants them in so doing. But we would say to you that before awarding to the plaintiff exemplary or punitive damages you must be satisfied from the testimony that the injury complained of was not only committed by the defendant, and was wrongful and unlawful, but that it was also malicious, or willful and wanton in its character.

Verdict for plaintiff.

Whereupon counsel for defendant moved for a new trial and in arrest of judgment. The reasons filed were based upon alleged after-discovered evidence, supported by affidavits.

Conrad, J., delivering the opinion of the court on the motion:
[10-12] A review of the Delaware decisions shows that the courts of this state have been extremely careful in granting new trials. As has been recently suggested by a learned jurist in another state, "a litigant is entitled to one fair trial, but to no more than one." The trial court being satisfied that a fair trial has been had in the first instance, the burden is upon the party applying for a new trial to show that injustice has been done and that a new trial would likely result in a different verdict than the one rendered at the first trial. The granting of new trials is a matter in the legal discretion of the court and a court would not be justified in granting a new trial unless convinced that such a

course would promote the ends of justice.   The court will not lend itself to the opening of a case where a party urges that he can produce evidence in his favor which he might have sub-mitted in the first trial, but did not.   The court in *McCombs v. Chandler*, 5 *Harr*. 423, said: "In regard to after-discovered evidence, it must be shown to be not only important, but that it was not in the party's power to have discovered it, by reasonable diligence, before the trial."

[13]   Nine affidavits have been filed by the applicant in this case in support of a new trial.   Four of these affidavits go to the point as to how the accident happened, but all of them are clearly cumulative and merely corrobative of two witnesses called at the trial.   So in our opinion they carry but little weight.   The other five affidavits are in contradiction of the plaintiff's testimony as to previous injuries.   The effect of the latter affidavits is not conclusive; at best, they tend in some measure to impeach the credibility of the plaintiff and raise a conflict as to a secondary matter.   They throw but little, if any, light on the main issue in the case.

Giving full weight and credence to the evidence as disclosed by the applicant's affidavits, we do not see that it is sufficiently strong to have changed the verdict in the case.   Admitting that the after-discovered evidence has come to the knowledge of applicant since the trial, yet it is not clear to the court either that due diligence was exercised by the applicant in procuring this evidence before the trial, or that the evidence so discovered would likely result in a different verdict on a second trial.

The motion for a new trial is therefore refused.