123 So.2d 9

**L. B. CHAMBERS**

v.

**I. D. CAGLE.**

**7 Div. 461.**

Court of Appeals of Alabama.
Aug. 19, 1958.

Rehearing Denied Nov. 25, 1958.

Affirmed on Mandate Sept. 6, 1960.

Scott, Dawson & Scott, Fort Payne, and Scott, Dawson & McGinty, Scottsboro, for appellant.

W. M. Beck and Loma B. Beaty, Fort Payne, for appellee.

HARWOOD, Presiding Judge.

In the suit below the plaintiff, appellee here, claimed damages because of an assault and battery allegedly committed on him by the defendant, appellant here, and Sam Bruce and Mat Bruce.

A jury trial resulted in a verdict in favor of the plaintiff, his damages being assessed at $500.

The complaint below contained one count, and was as follows:

"The Plaintiff claims of the Defendants, jointly and severally, the sum of Twenty-five Thousand Dollars ($25,-000.00) damages for an assault and battery committed by the defendants jointly and severally on the Plaintiff's, on, to-wit: November 2, 1954, and the Plaintiff alleges that Defendants did on said date wrongfully and unlawfully beat and cruelly treat, bruise, wound and injure plaintiff and as a proximate consequence thereof, he was made sick and sore, suffered lacerations to his head and body. He suffered personal mental pain and anguish, indignities, insults, humiliation, fright and injury to his feelings, and was compelled to lose time from his work and to incur physician's bills and hospital bills all to his damages as aforesaid. Plaintiff claims punitive damages.

"Plaintiff demands a trial by a jury."

During the proceedings below the plaintiff took a nonsuit as to Mat Bruce, and the court granted a motion to exclude the evidence as to Sam Bruce.

The evidence presented by the plaintiff tended to show that he was a watcher at a polling place in the schoolhouse at Kilpatrick, DeKalb County, in the general election being held on 2 November, 1954.

One Guy Stone motioned for him to come out into the hall, and plaintiff did so. Without warning Stone struck plaintiff, and in the attack broke plaintiff's nose.

Over defendant's objection Stone was permitted to show that the defendant had, shortly before the assault, agreed to pay him ten dollars if he would beat up the plaintiff, and had paid him five dollars before the assault, and five dollars afterwards.

The plaintiff's evidence further tends to show that the defendant L. B. Chambers was in and out of the room used as a polling place at various times, and was seen

with Stone. It further tends to show however that Chambers had left a few minutes before the assault, and was not present when it occurred.

At the conclusion of the plaintiff's case the defendants Chambers and Sam Bruce moved the court to exclude the evidence and direct a verdict in their favor on the grounds, among others, that the injury ascribed was direct and immediate from force applied by them, and not force applied by a servant within the scope of his employment, and there was no proof of actual participation on the part of the defendants in the assault.

This motion was granted as to the defendant Sam Bruce.

The defendant denied that he had at any time engaged Stone to beat up the plaintiff, or that he had any knowledge that he contemplated an assault.

The defense also introduced witnesses who testified as to Stone's bad character and his bad character for truth and veracity.

The defendant requested in writing the general affirmative charge, which was refused.

It is clear that the count as framed alleges a trespass vi et armis.

Actually, the basic point raised by this appeal by appropriate assignments is whether, where the complaint asserts an assault and battery by the defendant, the plaintiff can prove an assault by a third person, as agent or servant of the defendant acting within the line and scope of his employment, the defendant not being present at the time of the battery.

■ The purpose of a complaint, or any pleading, is to disclose the real issues to be tried and to be considered in the light of common sense and sound logic. News Employees' Benevolent Soc. v. Agricola, 240 Ala. 668, 200 So. 748; and pleading should inform the court and parties of facts and issues so that the court may declare the law and the parties may know what to meet by their proof. Mitchell v. Wright, 5 Cir., 154 F.2d 924.

■ Further, it is axiomatic of pleading and practice that the allegata and the probata must correspond. City of Birmingham v. Estes, 229 Ala. 671, 159 So. 201; American Freehold Land Mortgage Co. v. Sewell, 92 Ala. 163, 9 So. 143, 13 L.R.A. 299.

Under the count as drawn, it cannot be deemed that this defendant was informed that the injury complained of was not the direct act of the defendant as was clearly alleged, but was the act of a third person acting in the line of his employment as a servant or agent of the defendant. In other words, the proof disclosed an action on the case, whereas the count sounded in trespass only.

In Bacon v. Hooker, 173 Mass. 554, 54 N.E. 253, the complaint imported a direct assault by the defendants. The evidence tended to show that neither defendant was present or participated in the assault, but on the other hand showed that the assault was committed by one McEvoy who had been sent by the defendants or one of them. In holding that the evidence of an assault by McEvoy was incompetent under the pleading the court said:

"If the plaintiff sought to hold the defendants because of an assault committed by McEvoy while acting within the line and scope of his authority as their servant, it should have been so alleged."

Also, in Vansant v. Kowalewski, 5 Boyce 92, 28 Del. 92, 90 A. 421, 423, the complaint charged a direct assault by the defendant. The court observed:

" * * * under the pleadings plaintiff charges the assault or trespass as made by the defendant, and not by his agent or servant, so he is held to proof of the wrong by the defendant only."

■ It is our conclusion that under the complaint in this case charging a direct assault by the defendant, and under the general principles of pleading and proof referred to above, and the persuasive doctrine enunciated in the Massachusetts and Delaware cases, supra, the lower court erred in admitting, over the defendant's objections, the evidence showing that the assault was committed by Stone, the evidence further showing that the defendant was not present at the time of the assault.

■ It further seems well settled by the doctrines of our cases that where a complaint is in trespass, with the injury ascribed to the defendant being direct and immediate force applied by him, proof of actual participation on the part of the defendant in the damnifying act is essential, and where such proof is lacking, and the defendant is not present at the injury or assault, then the defendant is entitled to the affirmative charge with hypothesis. City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389; Bessemer Coal, Iron & Land Co. v. Doak, 152 Ala. 166, 44 So. 627, 12 L.R.A., N.S., 389; Birmingham Southern R. Co. v. Gunn, 141 Ala. 372, 37 So. 329; Birmingham Belt R. Co. v. Gerganous, 142 Ala. 238, 37 So. 929.

Under the proof submitted it is our conclusion that the lower court erred in refusing the general affirmative charge requested in writing by the defendant below.

Reversed and remanded.

## On Rehearing

HARWOOD, Presiding Judge.

■ In brief in support of appellee's application for rehearing, counsel for appellee aver that we erred in stating that appellant Chambers was not present when the assault occurred.

Counsel, in support of this contention, excerpts part of the testimony of the witness Stone, this testimony being to the effect that Chambers had told Stone he would give him $10 to whip Cagle, and when they went to the polling place Chambers had nodded his head toward Cagle to identify him.

Stone then testified that he called Cagle out in the hall and hit him.

This evidence does not, as counsel contend, show that Chambers was present at the time of the assault.

On the other hand, the plaintiff himself testified on the question of Chambers' presence at the time of the assault as follows:

"Q. Was he there at the time the assault was committed? A. No, sir.

"Q. He wasn't there at that time? A. No, sir."

Likewise, Mr. Harvey Rodgers, a witness for the plaintiff-appellee testified that Chambers had left a short time before the difficulty, and was not in the house when the assault occurred.

In view of the above testimony by the plaintiff below, and his witness Rodgers, we see no basis for, and no merit whatsoever in, counsel's averment that we erred in stating that Chambers was not present at the time of the assault.

This conclusion must be reached even upon the evidence of the plaintiff, regardless of the evidence presented by the defense, all tending to the same effect.

In our opinion we did not deal with the abstract principle of law that one may be guilty of an assault through an agent, but rather with the pleading aspects, and the variance between the complaint as framed and the proof. We adhere to our former views.

■ Counsel for appellant have moved to dismiss appellee's application for a rehearing on the ground that appellee's original brief was not filed in time.

While admittedly the appellee's original brief was not filed in the time required, yet it was filed several months prior to the preparation of the opinion in this case, and

the late filing was not called to the court's attention. In this situation we deem it best to exercise our discretion against striking the application for rehearing. State ex rel. McIntyre v. McEachern, 231 Ala. 609, 166 So. 36.

Application for rehearing overruled.

PER CURIAM.

Affirmed on authority of Chambers v. Cagle, 271 Ala. 59, 123 So.2d 12.