123 So.2d 12

**L. B. CHAMBERS**

v.

**I. D. CAGLE.**

**7 Div. 436.**

Supreme Court of Alabama.

July 14, 1960.

Livingston, C. J., and Coleman, J., dissented.

W. M. Beck and Loma B. Beaty, Fort Payne, for petitioner.

Scott & Scott, Fort Payne, and Dawson & McGinty, Scottsboro, opposed.

**60**

PER CURIAM.

The Court of Appeals held that a defendant is entitled to the general charge when the complaint charged that the defendant assaulted and beat plaintiff, and the proof showed that one Stone committed the assault and battery at the instigation of the defendant but not in defendant's presence. The opinion states:

"It is our conclusion that under the complaint in this case charging a direct assault by the defendant, and under the general principles of pleading and proof referred to above, and the persuasive doctrine enunciated in the Massachusetts and Delaware cases, supra, the lower court erred in admitting, over the defendant's objections, the evidence showing that the assault was committed by Stone, the evidence further showing that the defendant was not present at the time of the assault."

The Court of Appeals relies on the cases of Bacon v. Hooker, 173 Mass. 554, 54 N.E. 253, and Vansant v. Kowalewski, 5 Boyce 92, 28 Del. 92, 90 A. 421. Just prior to the quoted sentence from the Bacon case, the Massachusetts court said:

"The count for an assault imported a direct assault by the defendants. At the trial it appeared that neither of them was present, *and there was nothing tending to show that either of them had commanded or authorized the assault.* As the count stood, therefore, the evidence that was offered of an assault by McEvoy was incompetent. \* \* \*" (Emphasis supplied.)

But here, there was positive evidence by Stone, the assaulter, that he was hired to do the illegal act by the defendant and that defendant pointed out plaintiff to him and after he had beat plaintiff, defendant finished paying him off. The proof in the Bacon case and the instant case was vastly different because here the evidence was that defendant had authorized and paid for the assault to be made.

The quoted sentence from the Vansant case is taken from the court's charge to the jury in Superior Court and the question of the oral charge was not presented on the motion for a new trial, which was concerned with matters of evidence presented at the trial and newly discovered.

■ We think a fair statement of the correct principle is found in Klugman v. Sanitary Laundry Co., 141 Ill.App. 422:

"To state a cause of action against the defendant for a wrong committed by his servant, the ultimate fact necessary to be alleged is that the wrongful act was committed by the defendant. This may be alleged either by alleging that the defendant by his servant committed the act, or without noticing the servant, by alleging that the defendant committed the act."

But it is not necessary to consult other jurisdictions for applicable cases. In

Trognitz v. Fry, 215 Ala. 609, 112 So. 156, 157, this court said:

"Without question one may commit a trespass through another as his active agent or joint participant, although the one may not be present at the time, taking any personal hand in the trespass. He must be directing, aiding, participating in, or must ratify the trespass. Such is the charge here, as distinguished from that of a servant engaged in a lawful employment for his master, but while acting within the scope of his employment, in the conduct of his master's business, wrongfully trespasses upon the property of another, rendering the master liable for consequential damages under the doctrine of respondeat superior. In the one case the master directly causes or encourages the doing of the wrong, or ratifies it with knowledge, while in the other the servant alone does the act, but the master is made liable because of his relation to the servant. This latter action is in case."

Certainly there was evidence in the instant case that defendant was directing the trespass and that he ratified it. The defendant was the principal, and the complaint charging him with the trespass was supported by evidence that he was acting by and through Stone, who actually committed the assault.

The opinion of the Court of Appeals states:

"Under the count as drawn, it cannot be deemed that this defendant was informed that the injury complained of was not the direct act of the defendant as was clearly alleged, but was the act of a third person acting in the line of his employment as a servant or agent of the defendant. In other words, the proof disclosed an action on the case, whereas the count sounded in trespass only."

We cannot agree with the last sentence. True, the count sounds in trespass, but the proof does not disclose an action on the case.

The proof (or evidence), as stated by the Court of Appeals, was that "the defendant had, shortly before the assault, agreed to pay him ten dollars if he would beat up plaintiff, and paid him five dollars before the assault, and five dollars afterwards." This was evidence of authorization, direction and ratification of the defendant just as much so as if he had been present. Here, the defendant "directly causes or encourages the doing of the wrong, or ratifies it with knowledge" and both the allegation and the proof present an action in trespass, not in case. Trognitz v. Fry, 215 Ala. 609, 112 So. 156, 157.

▪ We consider it settled in this State that a count alleging trespass by a defendant, without mentioning an agent (Birmingham Belt R. Co. v. Gerganous, 142 Ala. 238, 37 So. 929), or by a defendant acting by and through an agent (Edwards v. Russell, 222 Ala. 484, 133 So. 3; Trognitz v. Fry, supra; City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389), is in trespass.

In Southern Bell Telephone Co. v. Francis, 109 Ala. 224, 19 So. 1, 3, 31 L.R.A. 193, this court said:

"We believe it to be an undeniable proposition that a person cannot be a tresspasser *vi et armis* who neither commits, authorizes, aids, or abets, nor subsequently ratifies, the wrongful act. It is observable, under this rule, that if one expressly commands another to do the wrongful act, and the same is done in pursuance of the command, he is, under familiar principles, guilty as a principal, and liable as such. Nor is it essential to liability in trespass that there be an express command to do the wrongful act. Thus, if an agent or servant, in and about the business of the principal or master, commits a trespass upon the person or property of another, in the immediate presence of the principal or

master, it will be presumed that it was done by the direction of the latter, who will be liable for the trespass, unless it is affirmatively shown that he did not coerce or direct the act, but did what he lawfully should to prevent it. Foster v. Essex Bank, 17 Mass. 479, 9 Am.Dec. 168. So, also, if a principal or master direct his agent or servant to do an act which is in itself, unlawful, and, in its commission, an injury is done to another, or if the act commanded, if done without injury to another, is, in itself, not unlawful, yet is of such a nature that the natural and probable effect or result of its performance is injury to another, and, in its performance, such injury is done, he who gave the command, in either case, is a trespasser. * * *"

In City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389, 390, cited by the Court of Appeals, this court, in pointing out that Counts 2 and 4 of the complaint were in trespass, said: "It is in effect to say that the vehicle was run against the plaintiff by direction of the defendant." In the instant case, it is clear that the assault on plaintiff was "by direction of the defendant."

We think further discussion is unnecessary in view of the extended annotation on the subject of the necessity of pleading that the tort was committed by servant, in an action against the master, in 4 A.L.R. 2d 292, with a discussion on variance, p. 302, and a discussion of Alabama cases, pp. 307–310. The section on Alabama cases is not entirely accurate, viz., the case of City Delivery Co. v. Henry, supra, was not overruled on another ground in Louisville & Nashville R. Co. v. Abernathy, 197 Ala. 512, 73 So. 103. The court divided four to three on the question, but a majority followed the holding in the Henry case.

▮ We have found no case in this jurisdiction which holds or intimates that the principal, whether corporate or not, would not be liable in trespass for an *authorized* or *ratified* assault and battery. Accordingly, we hold that a complaint charging defendant with trespass is supported by evidence that the trespass was committed by another under the direction or ratification of defendant, whether or not the defendant was physically present at the time the trespass occurred.

We note that the provisions of Act No. 624, Acts of Alabama 1957, listed as Tit. 7, § 217(1), in the 1957 Supplement to the Code of 1940, are not applicable, the instant case having been tried prior to the passage of the Act.

It follows that the judgment of the Court of Appeals · is reversed and the cause is remanded to that court.

Reversed and remanded.

LAWSON, SIMPSON, STAKELY, GOODWYN and MERRILL, JJ., concur.

LIVINGSTON, C. J., and COLEMAN, J., dissent.