93 N.J. Super. 28 (1966)
224 A.2d 517
UNIVERSAL C.I.T. CREDIT CORPORATION, A CORPORATION, PLAINTIFF-RESPONDENT,
v.
BOROUGH OF PARAMUS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 14, 1966.
Decided November 29, 1966.
*29 Before Judges SULLIVAN, KOLOVSKY and CARTON.
Mr. Charles Rodgers argued the cause for appellant (Messrs. Breslin & Breslin, attorneys).
*30 Mr. Robert B. Silverman argued the cause for respondent (Messrs. Green & Lasky, attorneys).
PER CURIAM.
The trial court held that the lien arising by reason of the distraint by defendant municipality for personal property taxes was not paramount to the lien of the plaintiff's chattel mortgage antedating the distraint.
It may now be considered settled that the municipality acquires no lien for the payment of personal property taxes until the proceeding for their enforcement is taken by levy under a distress warrant. R.C. Stanhope, Inc. v. North Bergen Twp., 129 N.J.L. 513 (E. & A. 1943). Consequently, the summary judgment granted by the trial court in favor of plaintiff must be affirmed substantially for the reasons expressed in Judge Botter's opinion.
We also concur with the trial court's conclusion that plaintiff should not be liable to the municipality for expenses incurred by the latter in effecting its distraint. These expenditures made by the municipality did not benefit or enrich plaintiff. There is nothing in the record to suggest that they were made for the preservation of the mortgaged property. No reason is demonstrated for imposing such expenses upon the plaintiff.
Plaintiff purchased the chattels at the tax sale in order to protect its interest. On this basis it claims to be entitled also to interest on the amount of the refund to compensate it for the deprivation of the use of its funds. However, a bona fide dispute did exist between the parties in the present case and considerations of equity counsel against the allowance of interest under the circumstances. Moreover, interest is not ordinarily payable as damages for the improper withholding of funds by a governmental agency except when provided for by statute. There appears to be no such statutory authority for its allowance here. See Consolidated Police and Firemen's Pension Fund Commission v. City of Passaic, 23 N.J. 645, 654 (1957). We conclude that the award of interest to the plaintiff is not warranted. Except as modified in this respect, the judgment is affirmed. No costs.