264 So.2d 155

Wilton H. HOGAN, etc. et al.

v.

The CITY OF HUNTSVILLE, a Municipal
Corporation, et al.

8 Div. 464.

Supreme Court of Alabama.

June 29, 1972.

Lanier, Shaver & Herring, and James E. Davis, Jr., Huntsville, for appellee.

Dieter J. Schrader, Huntsville, for appellants.

MERRILL, Justice.

This appeal is from a decree dated November 23, 1971, dismissing appellants' bill of complaint after it had been amended several times. All argued assignments of error relate to the decree of November 23, which was rendered after oral argument and submission of briefs.

Originally, the bill of complaint purported to be a class action pursuant to Equity Rule 31, brought by complainant Hogan against the City of Huntsville. The bill averred that the City maintains a Natural Gas Board, a Water Works Board and an Electric Utilities Board and these Boards supply gas, water and electricity to the inhabitants of Madison County; that the City charges the customers and consumers a security deposit of $10.00 for electricity, $15.00 for gas and $5.00 for water; that the security deposits are retained by the City until the customer ceases purchasing utilities from the City, in which case, the security deposits are refunded to the customers without payment of interest during the period in which they were held by the City.

The complainants prayed that the court declare that the City breached an implied agreement to pay interest when the customers contracted for the services of the utilities, and asked that the amount of money due Hogan and customers in his class be determined and to fix and determine the amount to be paid to complainants' solicitor for attorney's fees.

The City filed a "plea of abatement and/or motion to dismiss the bill," along with "Exhibit A" which was attached and incorporated therein. On June 16, 1971, the court entered a decree sustaining the plea in abatement. The complainants amended by filing a bill for a declaratory judgment for a declaration of rights, which averred the same facts as in the original bill by adding that the customers, when making application for the furnishing of utilities, are required to sign an application agreement which fails to apprise the customer that his deposit is non-interest bearing; that, however, upon having executed said agreement and upon having made the security deposit, he received a deposit receipt which provides that his deposit is "non-interest bearing." The City again filed its plea in abatement and/or motion to dismiss and, on September 8, complainants again amended their bill alleging that the allegations raised a constructive trust or implied trust for the benefit of the complainants. The City again filed a plea in abatement and/or motion to dismiss. The court dismissed the bill on November 23, 1971.

■ Appellee's so-called "PLEA IN ABATEMENT—MOTION TO DISMISS" is a peculiar pleading. It contains 63 grounds which includes general and special grounds of demurrer, pleas and possibly an answer. However, we consider the document not by the name it bears, but as a demurrer and are concerned with only three grounds, namely "14. There is no equity in the bill"; "44. For aught appearing there is no justiciable controversy existing between the parties hereto" and "47. The allegations do not justify the relief sought." It is not a plea in abatement.

■ Ordinarily, a declaration of rights is not made on demurrer in a declaratory judgment proceeding, and a demurrer to such a bill or petition is properly overruled when a justiciable controversy is presented. Bass v. Sanders, 282 Ala. 546, 213 So.2d 391, and cases there cited. But here, there is doubt as to whether a justiciable controversy is presented.

In City of Mobile v. Scott, 278 Ala. 388, 178 So.2d 545, this court said:

"There is now no justiciable controversy in this case and this court will not make a declaration in a declaratory judgment proceeding which will be futile. This court will not render a purely advisory opinion nor decide moot questions under the guise of a declaratory judgment. Homan v. Beard, 268 Ala. 22, 104 So.2d 914.

"It is the general rule that appellate courts do not sit to give opinions on moot questions or abstract propositions. Our authorities are also to the effect that it is not customary to decide moot questions merely to ascertain who is liable for costs. Lewis v. Head, 238 Ala. 151, 189 So. 886."

If a bill does not in any respect show an equitable right, it is not error to dismiss it ex mero motu, without provision for amendment. Caudle v. Cotton, 234 Ala. 126, 173 So. 847, and cases there cited.

Under Equity Rule 14, the motion to dismiss for want of equity is abolished. But if a bill lacks equity, it cannot support a decree for relief and so, even if there is no demurrer attacking the bill for want of equity, we must look to see if the bill under consideration contains equity. Edmondson v. Martin, 256 Ala. 73, 53 So.2d 613; Howle v. Alabama State Milk Control Board, 265 Ala. 189, 90 So.2d 752.

"Exhibit A" is the application of W. H. Hogan, Jr., signed by him, for electric, gas and water service, and the "DEPOSIT RECEIPT" for the $10.00, $5.00 and $15.00 deposits for the three services. The following sentence appears on the receipt just above where the amounts of the deposits are written: "This deposit is non-transferable, non-interest bearing, and will not be considered as part payment of any bill where service is continued."

In Peddicord v. Tri-City Gas Co., 232 Ala. 445, 168 So. 166, it was said: "It is clear enough that the utility may require the deposit as a condition precedent to the rendition of service." The respective boards of municipalities are charged by statute with the duty of collecting for services rendered. Tit. 18, § 67, Code 1940, Tit. 37, § 402(74) and § 402(90), as listed in the 1958 Recompilation.

Interest is not ordinarily payable as damages for the improper withholding of funds by a governmental agency except when provided by statute. Universal C.I. T. Credit Corporation v. Borough of Paramus, 93 N.J.Super. 28, 224 A.2d 517. There is no contention here that the deposits are improperly withheld. This court has not allowed interest on condemnation awards because there was no authorizing statute. Southern Electric Generating Co. v. Lance, 269 Ala. 25, 110 So.2d 627; State v. Moore, 269 Ala. 20, 110 So.2d 635; State v. LeCroy, 279 Ala. 428, 186 So.2d 142.

We have not found nor have we been cited to any authority in Alabama authorizing or requiring the payment of interest by a municipality on security deposits.

"Exhibit A" shows that appellant Hogan knew or should have known when he made his deposits that they were non-interest bearing. Evidently, he made no objection then and there is no allegation that either he or anyone in his purported class has ever made a demand on the City for interest on the deposits.

Under the bill as last amended, we are unable to say there is equity in the bill and we are likewise unable to say that a justiciable controversy is alleged. Certainly, there was no implied or express agreement that interest would be paid.

The mere conclusion in the pleadings that a constructive trust has been created is not sufficient. But laying that aside, the allegations in the bill as last amended do not come close to meeting the requirements of a constructive trust as defined in Butts v. Cooper, 152 Ala. 375, 44 So. 616, and First National Bank of Mobile v. Pope, 274 Ala. 395, 149 So.2d 781: "'A constructive trust arises when one person, occupying a fiduciary position, or having placed himself in such position in relation to another that good faith requires him to act for the other and not himself, acquires the title to the property in himself, in place of in the cestui que trust.'"

. We assume the trial court dismissed the bill after the several amendments either because it did not contain equity or because no justiciable controversy was presented.

Affirmed.

HEFLIN, C. J., and COLEMAN, HAR-WOOD, BLOODWORTH, MADDOX and McCALL, JJ., concur.