270 So.2d 661

### CONTINENTAL DEVELOPMENT CORPORATION, INC.

v.

### Lanny S. VINES et al.

### SC 50.

Supreme Court of Alabama.

Nov. 30, 1972.

Rehearing Denied Jan. 11, 1973.

---

Orzell Billingsley, Jr., Birmingham, for appellant.

Barnett, Tingle & Noble, Birmingham, for appellees.

McCALL, Justice.

The appellant, Continental Development Corporation, Incorporated, appeals from a final decree finding that it had failed to prove the allegations and averments of its bill of complaint and denying it the relief prayed for in the bill.

The bill is in equity and, essentially, it seeks to redeem five lots of real property from a mortgage foreclosure sale. The purchaser at the foreclosure sale, National Bank of Commerce, thereafter sold and deeded the subject real property to the respondents, Lanny S. Vines and Clifford Emond, Jr., the appellees before this court.

The bill alleges that the mortgage which the appellant executed contained provision for usurious interest. It also alleges that the appellees, who were vendees of the mortgagee-purchaser at the foreclosure sale, were aware of fraud and deceit in obtaining the mortgage, and further that they were aware, or should have been aware, that usury was charged on said mortgage.

Asserting the right to redeem from the appellees as provided for in Tit. 7, § 727, Code of Alabama, 1940, the appellant makes the simple averment that it desires to redeem said property and offers to do equity. The bill neither alleges payment nor a tender of the amounts required by the statute to redeem, nor does it show a valid excuse for such failure before filing. Further, the bill does not offer to pay or tender such amounts when ascertained by the court, or state a good reason for invoking the aid of the equity court in the premises.

In Francis v. White, 160 Ala. 523, 527, 49 So. 334, we held that a bill to redeem which was deficient of or lacking in the necessary averments would be without equity. In that case this court said:

"* * * So, in the bill to redeem under the statute, the debtor must either aver a payment or a tender of all the amounts by the statute required, or to show a valid excuse for failure therein, before filing, such as nonresidency of

purchaser, or redemptioner's inability to ascertain the amounts necessary to be paid or tendered, and ask the court to aid him in ascertaining the true amounts, and offer to pay such amounts before insisting upon his right to redeem or to be reinvested with the title. Francis v. White, 142 Ala. 590, 39 So. 174. Payment nor tender of the amounts necessary to redeem is not in all cases a prerequisite to the filing or maintaining of the bill, yet it is always such to the perfection of the right to redeem, and the bill must offer to pay or tender such amounts when ascertained, and show a valid excuse for not so doing before the filing of the bill as well as a good reason why the aid of the court is necessary for this special purpose."

The trial court found that the bill of complaint did not set forth a sufficient excuse for failing to make a tender of payment of the true redemption price and also that there was no evidence whatsoever that the mortgage was usurious or fraudulent. Accordingly, the court decreed that the appellant failed to prove the allegations and averments in the bill of complaint, the burden being upon it to do so.

 We have reviewed the transcript of evidence carefully and are constrained to agree that there is absolutely no testimony or evidence to support appellant's allegations of fraud and deceit or that usury was charged on the mortgage. Since the proof is lacking in this latter respect, appellant's right of redemption, if any, must rest on its general averment of a desire to redeem and its offer to do equity. But, as we have already pointed out, the bill does not contain the averments, necessary to support a bill to redeem, of payment or tender or of a valid excuse for the failure to do so before filing, and it does not offer to pay the amounts due under the mortgage when ascertained by the court. Such a bill is without equity. Francis v. White, supra. In Hogan v. City of Huntsville, 288 Ala. 595, 264 So.2d 155, we said this with respect to a bill that is without equity.

" * * * [I]f a bill lacks equity, it cannot support a decree for relief and so, even if there is no demurrer attacking the bill for want of equity, we must look to see if the bill under consideration contains equity. Edmondson v. Martin, 256 Ala. 73, 53 So.2d 613; Howle v. Alabama State Milk Control Board, 265 Ala. 189, 90 So.2d 752."

Therefore, we are of the opinion that the appellant has failed to prove any of the allegations which gave equity to the bill, and the mere expression of a desire to redeem and an offer to do equity, the only things left in the bill, were not sufficient to support equitable relief.

The appellant's first two assignments of error are (1) "The Court erred in refusing to listen to testimony relative to the accounting feature in this cause," and (2) "The Court erred in confining the evidence solely to the question of redemption."

The record reveals that during the course of hearing testimony ore tenus at the trial, the chancellor remarked that he would be glad to determine the question of appellant's right to redeem, but that he did not propose to listen to testimony relative to the accounting feature of the lawsuit. The chancellor said that he would submit the question of accounting to the register in chancery.

Since we are of the opinion and hold that the appellant failed to prove that it was entitled to redeem, there is no occasion for us to determine the issue raised by the two above assignments of error. However, the procedure of directing a reference to be held before the register on a matter of an accounting seems to have been in the chancellor's province. Equity Rule 79, Alabama Equity Rules, Appendix to Title 7, Code of Alabama, Recompiled 1958.

The appellant's assignment of error 4 is that the court erred in denying appellant's motion for rehearing.

This court has held that an assignment indicating the court erred in denying a motion for rehearing is insufficient. In the case of Whitman v. Whitman, 253 Ala. 643, 46 So.2d 422, this court said as follows:

"The appeal is taken from the final decree only, as was appropriate. But the assignments of error include the decree denying a rehearing. That decree was not subject to review by assignments of error made on appeal from the final decree. The duty to include it in the transcript, as held in Campbell v. Rice, 244 Ala. 144, 12 So.2d 385, does not aid appellant in this connection. It cannot be considered in determining whether there was error in rendering the final decree. We are not therefore privileged to review the ruling of the court on the motion for a rehearing, and it serves no purpose on this appeal."

█ It has long since been the rule of this court in construing Equity Rule 62 relative to rehearing that a decree overruling a motion for rehearing is not appealable, unless it modifies the decree. Money v. Galloway, 236 Ala. 55, 181 So. 252; Scott v. Scott, 247 Ala. 266, 24 So.2d 25. Assignment of error 4 is clearly without any merit.

The decree of the trial court is affirmed.

Affirmed.

MERRILL, COLEMAN, HARWOOD, BLOODWORTH, MADDOX and SOMERVILLE, JJ., concur.

HEFLIN, C. J., dissents.

HEFLIN, Chief Justice (dissenting):

The Continental Development Corporation, herein referred to as CDC, failed to prove its reasons for its failure to pay into court or to tender to the appellees the amount necessary to redeem as averred in the bill of complaint (usurious interest and fraud). However, CDC did present testimony concerning other reasons for such failure. It introduced as an exhibit a purported written itemized statement of the debt and lawful charges claimed by the appellees. This statement was delivered to CDC by the appellees pursuant to a written demand of CDC in accordance with Title 7, Section 731, Code. CDC contended that it was not properly itemized since it contained the following statement: "Ad valorem taxes and miscellaneous costs of $325.25, plus 6% interest on $325.25, plus $19.52". CDC further contended that it was impossible to determine the accuracy of such charges and the proper computation of interest from the statement. Further, CDC, through the testimony of its president, disputed the amount set out in the statement as the true amount necessary to redeem and the amount of the ad valorem taxes on the property. However, no testimony was received concerning an accounting or amounts or interest since the trial court declined to hear evidence concerning these matters, stating that such matters would be referred to the Register for an accounting. These matters were never referred to the Register since the decision of the trial court went off on another matter.

During the hearing the President and General Counsel of CDC testified as follows:

"Q Mr. Billingsley, upon the determination of this court of the amount necessary to redeem the property are you prepared to tender that amount to the Court?

"A Yes.

"Q Including the payoff of the existing mortgage on the property?

"A Yes."

The final decree contains the following:

"At the conclusion of the Complainants (sic) testimony, it was stipulated by all parties that the sole issues involved in

the case were, (1) whether or not the Complainants had a legal right to redeem subject property from the foreclosure of that certain mortgage referred to in the Bill of Complaint and being recorded in Real Volume 241, page 292 in the Probate Office of Jefferson County, Alabama, said foreclosure being evidenced by foreclosure deed recorded in Real Volume 555, page 758, in said Probate Office, and (2) if the Complainants were entitled to redeem, what is the correct redemption amount?"

The lower court in denying the right of redemption found that CDC failed to prove the averments of the bill of complaint pertaining to usury and fraud and that there was no allegation of a sufficient excuse for failing to pay into court or to make a tender of the true redemption price. This holding has been affirmed by a majority of this court with whom I find myself at odds. The majority holds, at least implicitly, that the bill of complaint, under the pleadings and subsequently introduced evidence in the instant case, must be amended to conform to the proof. I do not take issue with the generally recognized principle that the pleadings must substantially conform to the proof, however, I do not believe that such rule is applicable in the instant case.

The issue, under the pleading and evidence in the instant case, evolves to this: Where a bill of complaint, although alleging an unproven excuse for failure to tender unto court payment of the amount necessary to redeem further alleges "that your complainants desire to redeem said property from said foreclosure, and offer to do equity" and prays for an accounting to determine the amount necessary to redeem, must the bill be amended to conform to the proof notwithstanding a stipulation between counsel to the effect that the issues for trial were whether appellants had a right to redeem, and, if so, what was the amount necessary to redeem? My answer to this issue is in the negative.

It has been held in this jurisdiction that the parties may by acquiescence or the introduction of evidence waive formal pleading and form their own issues. One such case is National Life & Accident Insurance Co. v. Curtin, 33 Ala.App. 50, 29 So. 2d 577 (1947), which involved an action on a life insurance policy. The defendant filed no plea, but it was apparent from the evidence introduced that the case was tried on the theory that the insured was not in sound health on the day the policy was issued. The policy contained the standard provision that no obligation was assumed by the company if the insured-plaintiff was not in sound health on the date of the policy. Judge Harwood, speaking for the court, had this to say:

> "Parties in a suit . . . may by acquiescence or the introduction of evidence waive formal pleading, and form their own issues on the evidence introduced."

See also Miller v. Bryant, 25 Ala.App. 564, 151 So. 362, cert. denied, 227 Ala. 570, 151 So. 366; Manufacturers' Finance Acceptance Corp. v. Autrey, 228 Ala. 149, 153 So. 181 (1934); Riddle v. Dorough, 279 Ala. 527, 187 So.2d 568 (1966); Helton v. Easter, 41 Ala.App. 648, 148 So.2d 486 (1962).

Since evidence showing a dispute concerning the amount necessary to redeem was introduced and the parties made the stipulation heretofore mentioned, I feel that under this state of facts the rule of the foregoing cases is applicable. The application of this rule eliminated the need for any amendment of the pleadings.

There is yet another wholly independent means of reaching the same conclusion, which concerns the purpose of pleading and the stipulation referred to above. The purpose of pleading is to present, define and narrow the issues, and to advise the court and parties of the issues and what is relied on as a cause of action and defense, so as to aid the parties in preparing for trial. Morris v. City Council of Augusta, 204 Ga. 26, 48 S.E.2d 855 (1948); Zancker

v. Northern Insurance Company of New York, 238 Mo.App. 110, 176 S.W.2d 523 (1943); Maggard v. Johnson, 312 Ky. 770, 229 S.W.2d 764 (1950); News Employees' Benevolent Soc. v. Agricola, 240 Ala. 668, 200 So. 748 (1941). The following Alabama decisions cumulatively support this proposition of law: Garrison v. Kelly, 257 Ala. 105, 57 So.2d 345 (1952); Chambers v. Cagle, 41 Ala.App. 76, 123 So.2d 9, reversed, 271 Ala. 59, 123 So.2d 12 (1960). Would it serve the purpose of pleading to require that a party amend his bill of complaint to include issues which have been stipulated to before the court? I fail to see how such amendment would be of any further assistance to counsel or the court in defining the issues for trial, and this view is supported by case law. Oregon Short Line R. Co. v. Ballantyne, 48 Idaho 351, 282 P. 80 (1929); Garriott v. Brandenburg Construction Co., 199 Ky. 673, 251 S.W. 935 (1923).

More specifically, an issue presented by a stipulation has been held subject to determination, even though not presented by the pleadings, and all questions of pleading are waived by a stipulation that the case shall be considered at issue on a particular question. Miller v. Phoenix Insurance Company of Hartford, Conn., 191 Minn. 586, 254 N.W. 915 (1934); People ex rel. Hughes v. Universal Service Association, 365 Ill. 542, 7 N.E.2d 310 (1937); Bemer v. Bemer, 152 Cal.App.2d 766, 314 P.2d 114 (1957); Wolf Corp. v. Louis, 11 Ariz.App. 352, 464 P.2d 672 (1970); Carson v. McMahan, 215 Or. 38, 332 P.2d 84 (1958); Roth v. Drainage Improvement District No. 5 of Clark County, 64 Wash.2d 586, 392 P.2d 1012 (1964); Harbison v. Shook, 41 Ill. 141 (1866). In *Harbison* a variance between the pleading and proof was held to have been waived by a stipulation.

I would reverse the final decree and remand the cause to the lower court for a determination of whether CDC had the right to redeem, and if so, what was the amount necessary to redeem.

Therefore, I respectfully dissent.