315 So.2d 577

Georgia Hammonds JOHNS

v.

Walton E. WILLIAMS and City National Bank of Sylacauga, a corporation.

SC 1061.

Supreme Court of Alabama.

June 19, 1975.

Rehearing Denied Aug. 7, 1975.

298

George S. Brown, Birmingham, for appellant.

C. W. McKay, Jr., Sylacauga, for appellees.

MADDOX, Justice.

The real issue involved in this case was whether the defendant bank had fraudulently failed to obtain credit life insurance on one of its debtors.

Georgia Hammonds Johns, formerly Georgia Hammonds, filed suit against the bank and its vice-president and sought (1) to set aside a mortgage foreclosure, (2) to set aside a judgment in a detinue suit in which the bank recovered items of personal property used for collateral, and (3) to recover punitive damages.

Complainant claimed that the bank fraudulently failed to obtain credit life insurance on her late husband, James E. Hammonds, and as a consequence, there were no insurance proceeds available to pay the debt when her husband died. The bank foreclosed the mortgage and filed the detinue suit when the debtor defaulted.

The trial court severed the case into three parts: (1) the mortgage foreclosure claim, (2) the law judgment claim, and (3) the fraud claim. The fraud charge was tried before a jury, which found in favor of the bank and its officer.

The trial judge granted summary judgment on the claim that the judgment in the detinue suit should be set aside. The trial court also refused to set aside the foreclosure on the real property and rendered judgment on the jury verdict which was adverse to the complainant. We affirm.

■ The thrust of the complaint was that the bank fraudulently failed to obtain the credit life insurance on copmainant's late husband and because of this failure, the bank foreclosed on the real estate and obtained a judgment to recover the personal property. As we have pointed out, the jury verdict answered the main question adversely to the complainant. In view of this, we do not think the trial court erred in refusing to set aside either the judgment at law or the foreclosure.

■ With regard to the detinue judgment, there was neither averment nor proof that the judgment was obtained by fraud, accident or mistake, without negligence on the part of the complainant, and that complainant had a meritorious defense. Consequently, the court did not err in denying her relief on that part of her complaint. See *St. John et al v. Campbell,* 250 Ala. 380, 34 So.2d 584 (1948).

[3] Although complainant asked for the court to determine the amount necessary to redeem the real property, she nowhere tendered such amount nor did she offer to do equity. In *Contintntal Development Corp., Inc. v. Vines,* 289 Ala. 648, 270 So.2d 661 (1973), this Court said:

"We have reviewed the transcript of evidence carefully and are constrained to agree that there is absolutely no testimony or evidence to support appellant's allegations of fraud and deceit or that usury was charged on the mortgage. Since the proof is lacking in this latter respect, appellant's right of redemption, if any, must rest on its general averment of a desire to redeem and its offer to do equity. But, as we have already pointed out, the bill does not contain the averments, necessary to support a bill to redeem, of payment or tender or of a valid excuse for the failure to do so before filing, and it does not offer to pay the amounts due under the mortgage when ascertained by the court. Such a bill is without equity. Francis v. White, supra. In Hogan v. City of Huntsville, 288 Ala. 595, 264 So.2d 155, we said this with respect to a bill that is without equity.

" '* * * [I]f a bill lacks equity, it cannot support a decree for relief and so, even if there is no demurrer attacking the bill for want of equity, we must look to see if the bill under consideration contains equity. Edmondson v. Martin, 256 Ala. 73, 53 So.2d 613; Howle v. Alabama State Milk Control Board, 265 Ala. 189, 90 So.2d 752.'

"Therefore, we are of the opinion that the appellant has failed to prove any of the allegations which gave equity to the bill, and the mere expression of a desire to redeem and an offer to do equity, the only things left in the bill, were not sufficient to support equitable relief."

Therefore, the court did not err in refusing to set aside the foreclosure on the real property.

**300**

Appellant argues that the trial court should not have severed the fraud aspect and tried only that portion before a jury, but each claim should have been tried by a jury. We find no error here. Rule 42(b), ARCP.

Affirmed.

HEFLIN, C. J., and MERRILL, JONES and SHORES, JJ., concur.