### Raider v. The Dixie Inn, et al.

(Decided March 6, 1923.)

## Appeal from Madison Circuit Court.

1.  Innkeepers—May Eject Obnoxious Guests.—A guest who has been admitted to an inn may thereafter be excluded therefrom by the innkeeper for refusal to pay his bill, or because he is obnoxious to the other guests by his own fault, or is a person of general bad reputation, since the innkeeper may refuse to entertain objectionable characters if to do so would injure his business and place himself or his guests in a hazardous, uncomfortable, or dangerous situation.

2.  Innkeepers—Petition Held Not to Show Manner of Exercising Right to Exclude Guest was Unlawful.—A petition which admitted that defendant innkeepers had a right to exclude plaintiff as a guest from their inn, and alleged that when she was not present they took charge of her room and placed her belongings in the lobby, where they were accessible to her, and when she came in they told her they had taken charge of her room, but gave no reason for doing so, held not to show defendants employed unlawful means to exclude plaintiff from the inn.

3.  Pleading—Allegations Plaintiff was Insulted in Removal from Inn are Conclusions.—In a petition which admitted defendant innkeepers had a right to exclude plaintiff from their inn, averments that they removed her therefrom in an improper manner and were unduly disrespectful and insulting are merely conclusions of the pleader and insufficient when not supported by the statement of facts found elsewhere in the petition.

R. C. OLDHAM for appellant.

A. R. BURNAM, JR., for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Appellant Thelma Raider applied to the Dixie Inn, at Richmond, for entertainment and paid her board and lodging for a week in advance, saying that her home was in Estill county and she had come to Richmond, at the expense of her mother, to take treatments from a physician. At the end of the week she paid in advance for another week, and so on until the end of a month, when she went down town, and on returning was informed by the proprietor and his wife, who are appellees in this case, that she no longer had a room at that hotel, and remarked to her that no explanation was due her as to why

they had requested or forced her removal. Alleging that she was mortified and humiliated by the words and conduct of the proprietors of the hotel, appellant Raider brought this action to recover damages in the sum of $5,-000.00. Appellees answered and denied the averments of the petition in so far as such averments set forth harsh or improper conduct on the part of the proprietors of the hotel, but admitted that they had required appellant to vacate her room and to leave the hotel and gave as their reason for so doing that she was a woman of bad character, recently an inmate of a house of prostitution in the city of Richmond and had been such for many years next before she came to the inn, and was in said city a notoriously immoral character; that appellees did not know her when she applied for entertainment at their hotel, but immediately upon learning who she was and her manner of life had moved her belongings out of the room into the lobby of the hotel, and kindly, quietly and respectfully asked her to leave; that they had in their hotel several ladies of good reputation who were embarrassed by the presence of appellant in the hotel and who declined to associate with her and were about to withdraw from the hotel if she continued to lodge there; that appellant had not been of good behavior since she had become a patron of the hotel. Appellant moved to strike certain of the affirmative averments from the answer, but without waiving this motion filed an amended petition in which she set forth substantially the same facts which she had in her original petition, adding the following paragraph:

"Plaintiff says that she is advised that these defendants (the Dixie Inn) had a legal right to remove her and that she does not question that right but that she was removed as a guest for hire from said Dixie Inn at a time that was *improper* and in a *manner* that was *unduly disrespectful* and *insulting* and that she was greatly *mortified* and *humiliated* thereby and suffered indignity because of the wrongful manner in which she was removed from said Dixie Inn as herein set out and complained of."

To the petition as amended the appellees demurred generally. This the court sustained and on the failure of appellant to further plead, dismissed her petition and she appeals.

As a general rule a guest who has been admitted to an inn may afterwards be excluded therefrom by the innkeeper if the guest refuse to pay his bill, or if he becomes obnoxious to the guests by his own fault, is a person of

general bad reputation, or has ceased to be a traveler by becoming a resident. 22 Cyc., p. 1075; 14 R. C. L. 505.

It appears, therefore, fully settled that an innkeeper may lawfully refuse to entertain objectionable characters, if to do so is calculated to injure his business or to place himself, business or guests in a hazardous, uncomfortable or dangerous situation. The innkeeper need not accept anyone as a guest who is calculated to and will injure his business. State v. Steele, 106 N. C. 766. A prize fighter who has been guilty of law breaking may be excluded. Nelson v. Boldt, 180 Fed. 779. Neither is an innkeeper required to entertain a card sharp, Watkins v. Cope, 84 N. J. L. 143; a thief, Marham v. Brown, 8 N. H. 523; persons of bad reputation or those who are under suspicion, Goodnow v. Travis, 3 John's (N. Y.) 427; State v. Steele, *supra;* drunken and disorderly persons, Atwater v. Sawyer, 76 Maine 539; one who commits a trespass by breaking in the door, Goodnow v. Travis, *supra;* one who is filthy or who subjects the guests to annoyance, Pidgeon v. Legge, 5 Week Rep. 649. See Morningstar v. Hotel Co., 211 N. Y. 465; 52 L. R. A. (N. S.) 740, and the notes thereto attached.

It, therefore, appears that the managers of the Dixie Inn had the right to exclude appellant from their hotel upon several grounds without becoming liable therefor, unless the means employed to remove her were unlawful. The petition admits as much by its averments, saying: "She (appellant) is advised that these defendants (appellees) had a legal right to remove her and that she did not question that right." It being conceded that appellees had the right to remove appellant from the hotel, the only remaining question is, did they do so in a proper manner, or did they employ unlawful means to exclude her? The averments of the petition show she was not present at the time they took charge of her room and placed her belongings in the lobby of the hotel, where they were easily accessible to her; that when she came in they quietly told her that they had taken charge of her room but gave no reason for doing so. We must believe from the averments of the petition that very little was said, and that the whole proceeding was very quiet and orderly. As they had a right to exclude her from the hotel they were guilty of no wrong in telling her so, even though there were other persons present in the lobby at the time they gave her such information, which is denied. The averments of the petition as amended "that appellees re-

moved appellant from the hotel in an *improper manner* and were *unduly disrespectful* and *insulting''* are mere conclusions of the pleader and are not supported by the statement of facts found elsewhere in the petition.

The petition as amended did not state a cause of action in favor of appellant against appellees, and the trial court properly sustained a general demurrer thereto.

Judgment affirmed.