SUSAN SAWYER
*vs.*
CONGRESS SQUARE HOTEL CO.

Cumberland.　Opinion, March 13, 1961.

*Udell Bramson,* for plaintiff.

*John Mitchell,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

RESCRIPT.

SULLIVAN, J. On appeal. Defendant protests that the plaintiff has not perfected her appeal since the record does not verify that the appellant within 30 days after appeal served with her designation a concise statement of the points on which she intended to rely in her appeal. Rule 75, (a), (d), Maine Rules of Civil Procedure, 155 Me. 576, 577; Rule 5, (a), 155 Me. 490.

The record dates the appeal on June 17th, A. D. 1960 and the filing of the "designation of portion of record and proceedings to be contained in record" on July 13th, within 30 days of appeal. The record then recites that the "statement of points on appeal" was *filed* on July 25th but does not chronicle that such concise statement of points was *served* within 30 days of appeal. Counsel for neither party has endeavored to rectify or amplify the record which is neutral and noncommittal as to whether or not a copy of the concise statement was in fact served and, if served, when.

Because of the institution of this case only two months following the effective date of our changed rules of civil procedure, because of the indifferent state of the record and because of the actual containment of the points on appeal in the printed case we are disposed to entertain the issues here upon the merits.

Appeals are, however, to be processed within the time limits or such enlargements as are fixed by the court rules. Dismissal may be expected to attend failure to comply.

In her complaint the plaintiff stated that she had been a permanent resident in a room of the defendant, had been

evicted therefrom without notice or right, had been deprived of her chattels and had been accordingly damaged.

The defendant by answer denied that the plaintiff had been a permanent resident at its hotel and retorted that the plaintiff had been a guest, that she had both failed and refused to pay the reasonable account against her and that her eviction had been without alternative and justified. Defendant responded that the belongings of the plaintiff had been retained by it only temporarily until they could be formally surrendered to the plaintiff. The defendant presented its counterclaim for its itemized and unpaid charges against the plaintiff for room, board and telephone service.

The defendant moved for a summary judgment pursuant to Rule 56, M. R. C. P., 155 Me. 558, and in support included an affidavit of the hotel manager from the latter's personal knowledge. The motion was urged upon the contentions that in the case at bar there is no genuine issue as to any material fact and the defendant is entitled to prevail as a matter of law.

The manager deposed that the plaintiff was and had been for some time the occupant of her hotel room the furnishings of which were the property of the defendant; that supplied daily to the plaintiff by the defendant for a composite and integrated rate were all bed linens, towels, chambermaid service, repairs, heat, electric current, water and cleaning; that several of the defendant's employees retained keys and ready access to the plaintiff's room; that possession and control of that room remained always with the defendant and use and occupancy only with the plaintiff; that the plaintiff stood indebted to the defendant in the sum of $45.93 for past occupancy, meals and telephone calls at the time of her eviction.

The plaintiff elected to furnish no opposing affidavit.

The presiding justice entertained the motion and adjudged that it be granted, that the plaintiff take nothing,

that her complaint be dismissed and that the defendant have judgment for the amount of its counterclaim with costs. The plaintiff appealed to this court and designated that the record and proceedings contained in her appeal be the complaint, answer with counterclaim, motion for summary judgment, court findings and motion for appeal. The supporting affidavit of the hotel manager is in the record before us.

The statement of the plaintiff of the points relied upon by her in her appeal protests that the presiding justice erred in granting the motion for summary judgment and in his refusal to afford a jury trial upon the issues of this case.

The plaintiff here "may not rest upon the mere allegations or denials of" her pleading. Rule 56, M. R. C. P., *supra*, (e).

This court in *Levesque* v. *Columbia Hotel*, 141 Me. 393, 401, stated:

" - - - - It is not a question of what the situation was eighty years ago when the Norcross opinion (Norcross v. Norcross, 53 Me. 163) was written, when inns almost exclusively catered to wayfarers and travelers arriving over the highways by horse and buggy, when hotels in the cities seldom had as guests permanent boarders as they now do. The question is what, as applied to present day conditions, does the statute mean by the word 'guest.'

" - - - - If a room is rented for a definite period under such circumstances that the occupant assumes full control over it and does not receive the ordinary services that the hotel offers to guests, the relationship of hotelkeeper and guest does not exist. There are of course border line cases. But where as here a person occupies a room in a hotel, registers as others do, receives maid service, and has the benefit of the other incidental services that

the hotel gives, she is a guest, and this is true in spite of the fact that her stay there may be a long one and that she pays on a weekly or monthly basis. - - - "

See, also, *Dewar* v. *Minneapolis Lodge No. 44 B. P. O. E.*, 155 Minn. 98, 192 N. W. 358, 359; *White* v. *Maynard,* 111 Mass. 250, 255; 1 American Law of Property, § 3.7, P. 192; 29 Am. Jur., Innkeepers, § 14 (citing *Levesque* v. *Columbia Hotel, supra.*)

From the foregoing authorities it becomes manifest that the delinquent plaintiff upon the record in the instant case was not entitled to notice or process under R. S., c. 122, §§ 1, 2. See, also, 29 Am. Jur., Innkeepers, § 52; *Neely* v. *Lott Hotels Co.,* 334 Ill. App. 91, 78 N. E. (2nd) 659; *Raider* v. *Dixie Inn,* 198 Ky. 152, 248 S. W. 229; *Morningstar* v. *Lafayette Hotel Co.,* 211 N. Y. 465, 105 N. E. 656.

The matter of plaintiff's belongings was not waged before the presiding justice by the plaintiff through any affidavit. Nor was defendant's right of retainer under R. S., c. 100, §§ 42, 43 or the statutory presumption in R. S., c. 100, § 45 adverted to.

Reference has been made by plaintiff's counsel to a pre-trial order of the presiding justice. Rule 16, M. R. C. P., 155 Me. 507. The pre-trial order is not before us in the record.

*Appeal denied.*