IVAN BRAWN
*vs.*
JOHN LUCAS TREE EXPERT CO., INC.

Hancock.   Opinion, May 11, 1961.

*Gerald E. Rudman,*
*Paul L. Rudman,* for plaintiff.

*Herbert T. Silsby,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

SULLIVAN, J.  Plaintiff was awarded a summary judgment interlocutory in character on the issue of liability alone.  Maine Rules of Civil Procedure, 56 (c), 155 Me. 559. This case has been reported to the Law Court upon motion of the defendant pursuant to Rule 72 (c), M. R. C. P., 155 Me. 573, for determination of a question of law.

Plaintiff had instituted a civil action against the defendant under the provisions of R. S., c. 124, § 11.  The complaint alleges:

> "1.  Plaintiff, Ivan Brawn, is the owner of a certain parcel of improved grass land and ornamental ground located at the Junction of the Verona Island - Bucksport Bridge and Main Street in Bucksport, Hancock County, Maine, and is also the owner of all buildings and ornamental trees situated thereon;
>
> "2.  In February, 1960 Defendant John Lucas Tree Expert Company, Inc. without the knowledge, consent or permission of Plaintiff, entered upon Plaintiff's parcel of land and then proceeded to cut down, destroy and take therefrom two ornamental Elm shade trees;

"3. As a consequence said two shade trees were completely destroyed and the parcel of land owned by Plaintiff was greatly damaged, all of which resulted in a loss to Plaintiff in the sum - - - -"

The defendant answered:

"1. The Defendant does not have sufficient information to either affirm or deny the allegations in Paragraph 1 of the Complaint.

"2. The Defendant admits that he cut two elm trees situated on property located at the corner of. Elm and Bridge Streets, Bucksport, Maine, on March 1 and 2, 1960. The Defendant denies each and every other allegation contained in Paragraph 2.

"3. The Defendant denies each and every allegation contained in Paragraph 3.

" The Defendant in its own behalf alleges:

"1. The Defendant was told in February, 1960, by a Mrs. Herrick, who resided at the Jed Prouty Tavern in Bucksport, that she was the owner of the real estate and trees described in Paragraph 2 above and who gave permission for the removal of said trees from said property.

"2. On March 2, 1960, the Plaintiff told the Defendant that said Mrs. Herrick was his sister.

"3. The Defendant is informed and believes and therefore alleges that said Mrs. Herrick, sister of the Plaintiff, was duly authorized and empowered to grant permission to the Defendant to cut and remove said elm trees."

Under Rule 33, M. R. C. P., 155 Me. 529, the defendant served the following written interrogatories upon the plaintiff who gave the subjoined answers:

"1. Does the Plaintiff have a sister named Mrs. Herrick who resided at the Jed Prouty Tavern in Bucksport, Maine, during February, 1960?"
*Answer:* "Yes."

"2.   If so, please state her full name."
*Answer:*   "Irene B. Herrick."

"3.   State from whom the premises were purchased by the Plaintiff, the date and the book and the page in which the Plaintiff's deed is recorded."
*Answer:*   "Premises purchased from Irene B. Herrick by deed dated November 30, 1954, recorded in Book 766, Page 280."

"4.   State whether or not the premises are rented; and if so, to whom."
*Answer:*   "Premises are rented to Ralph Rideout and to Clyde Grindell."

"5.   To whom are the rents paid?"
*Answer:*   "Ivan Brawn."

"6.   Does the Plaintiff's sister, Mrs. Herrick, derive any income from said premises?"
*Answer:*   "No."

"7.   Who pays the real estate taxes on said premises?"
*Answer:*   "Ivan Brawn."

"8.   Are any utilities installed in the premises in the name of Plaintiff's sister, Mrs. Herrick?"
*Answer:*   "Not to my knowledge."

"9.   Has the Plaintiff's sister, Mrs. Herrick, ever rented the premises or negotiated the renting of the premises or part of the premises to any tenant?"
*Answer:*   "Yes."

"10.   Does the Plaintiff's sister, Mrs. Herrick, ever collect from any of the rent upon said premises?"
*Answer:*   "At some time prior to 1960 she did."

"11.   Please state whether the Plaintiff reported the income from rents on said premises in his 1958 & 1959 Federal Income Tax returns or whether the income was reported in the Plaintiff's sister's

(Mrs. Herrick) income tax return for 1958 & 1959."

*Answer:* "I do not know."

"12. State the Whereabouts of the Plaintiff during the time of the alleged cutting of the elm trees. If the Plaintiff was at his store premises during the time, please state how far away the Plaintiff's store is from the premises upon which certain trees are alleged to have been cut."

*Answer:* "I was in the store which is across the street from the premises and is about 100 feet away."

After a pre-trial conference a court order was rendered stating, by stipulation and agreement of counsel:

"- - - that the plaintiff had an adult sister by the name of Irene B. Herrick who at the time of the cutting and previous thereto was living at the Jed Prouty Tavern in Bucksport, Maine, which is not on the land on which the plaintiff claims the two elm trees were nor is it contiguous to that land;

that the cutting of the two elm trees herein involved took place March 1 and 2, 1960, and that these two elm trees measured respectively 26″ x 85′ tall and 32″ by 90′ tall;

that the land on which the plaintiff claims that these two elm trees were situated had been purchased by the plaintiff from the said Irene B. Herrick on November 30, 1954 by deed recorded in Hancock County Registry of Deeds, Book 776, Page 280, and was still owned by the plaintiff on March 1, 2, 1960;

that the said two elm trees were removed by the defendant.

- - - - - - - - - - - -

"It is the contention of the defendant that these two elm trees were situated within the public right of way of either Elm or Bridge Streets, or both, in Bucksport, Maine, but it is the contention of the

plaintiff that said trees were situated on the land owned by the plaintiff."

Defendant in its brief adverts to the pre-trial conference with the following comment:

"At pretrial Defendant being satisfied that the variation in description of the lot declared upon and the lot admitted being cut upon in its answer were one and the same, stipulated that the land belonged to the Plaintiff. However, no stipulation was entered into with respect to whether the trees were located in the public right of way or on the land of the Plaintiff."

Plaintiff moved for a summary judgment in his favor on the limited issue of liability of the defendant upon the asserted ground that there was no genuine issue as to any material fact and that the plaintiff was thus entitled to such judgment as a matter of law. Such motion was based upon the pleadings, answers to interrogatories and the affidavit of the plaintiff.

The presiding justice ordered the clerk to enter, as a matter of law, summary judgment for plaintiff against defendant in respect to liability. The justice found no issue as to the cutting, destruction or removal of the trees. He decided that an examination of the complaint, answer, affidavit, counter affidavit and pre-trial order revealed that the defense of the defendant as to ownership of the trees by the plaintiff rested solely upon the factual premise that the trees were within the public right of way abutting the plaintiff's land without any suppletory claim by the defendant that those trees stood beyond the center line of the abutting public highway. On the authority of *Brooks* v. *Bess*, 135 Me. 290, the justice ruled that the trees, upon the case record, were, therefore, presumptively the property of the plaintiff who was the adjoining landowner. The justice resolved that the defendant's assertions as to the apparent agency of Mrs.

Herrick to authorize the cutting of the trees were not susceptible of admissible testimony by the defendant and the justice reached a like conclusion in the matter of defendant's statements concerning awareness of the nonresisting plaintiff as to the defendant's destruction of the trees.

Defendant contends that the justice erred in ordering the interlocutory, summary judgment and the case is reported for interlocutory review here.

Rule 56, M. R. C. P., 155 Me. 559, ff., provides:

"(c) - - - Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages - - -"

"(e) - - - Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. - - - When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

"(f) - - - Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continu-

ance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

Of summary judgment Field and McKusick, Maine Civil Practice, say with sustaining authorities:

"- - - It is a far-reaching device which makes possible the prompt disposition of an action without a trial if there is no genuine dispute as to any material fact. It enables the court to look behind the formal allegations of the pleadings to determine whether a genuine dispute exists - - -" (P. 463).

"- - - The party seeking the summary judgment has the burden of demonstrating clearly that there is no genuine issue of fact. Any doubt on this score will be resolved against him and the opposing party will be given the benefit of any inferences which might reasonably be drawn from the evidence. An affidavit which merely says in effect, 'what you say is not so' does not raise a genuine issue. The affidavit must set forth such facts as would be admissible as evidence. Rule 56 (e)." (P. 466.)

"Rule 56 (e) requires that affidavits on summary judgment motions shall be on personal knowledge and set forth such facts as would be admissible in evidence. Hearsay statements in affidavits will not be considered. If the only evidence available in time for the hearing is hearsay, the proper thing to do is to file an affidavit under Rule 56 (f) and seek an opportunity for an affidavit or deposition that will furnish the needed evidence in admissible form. The requirement that the affidavit shall show affirmatively that the affiant is competent to testify to the matters thereon stated is met by a statement in the jurat that it was made upon personal knowledge - - -" (P. 467).

"Rule 56 (f), adverted to above, permits an affidavit showing any reason why the opposing party cannot present affidavits to justify his position - - -

The court may make such order as is just, the most likely one being an order for continuance." (P. 467.)

In paragraph 1 of his complaint the plaintiff alleged ownership of a specific realty. The defendant in answer stated in substance that the defendant was without knowledge or information sufficient for forming a belief as to the truth of plaintiff's allegation and by so responding defendant effected a denial. Rule 8 (b), M. R. C. P., 155 Me. 495. Later the plaintiff under oath recited in reply to the defendant's interrogatory the name of his grantor, the date and record data of his instrument of title to the real estate. By affidavit the plaintiff subsequently repeated his assertion of title. Plaintiff thus upon personal knowledge set forth facts admissible in evidence while the defendant elected to rest upon the mere denial in its pleading. Rule 56 (e), *supra.* There was no issue left as to ownership and identification of the real estate denoted in paragraph 1 of the complaint.

By paragraph 2 of his complaint the plaintiff accused the defendant of having tortiously cut and removed 2 trees from the former's real estate. Defendant by answer admitted having cut and removed 2 trees from property at the corner of Elm and Bridge Streets in Bucksport and denied all other allegations in plaintiff's paragraph 2. Defendant justified such cutting and removal in a further recitation that it had been told by a Mrs. Herrick, sister of the plaintiff, that she owned the real estate which was the situs of the trees, that she gave her permission to the defendant so to cut and remove and that the defendant upon information and belief alleged the power and authority of Mrs. Herrick to have permitted the cutting and removal of the trees. Plaintiff in answer to defendant's interrogatories and upon oath deposed that his sister, Mrs. Herrick, received no income from the realty claimed as his by the plaintiff, had paid no taxes on the property but had rented or negotiated the renting of the premises at some time prior to 1960. Plaintiff by affi-

davit swore that he had owned the property described in his complaint during February, 1960, that defendant had then cut and removed the trees from such real estate and that he had never extended permission to defendant so to cut or remove nor had he invested Mrs. Herrick or any person impliedly or expressly with authority to legalize the cutting or removal of the trees by anybody. Defendant thereupon by counter affidavit swore that it had been informed by Mrs. Herrick that the latter gave permission for the cutting and removal of the trees, that she had informed the defendant that she was owner of the premises involved, that she is a sister of the plaintiff and had apparent authority to grant permission for the cutting of the trees, that the trees had been situated some 100 feet from the business premises of the plaintiff who thus knew or ought to have known that the trees were being cut and that the defendant had no knowledge whether the trees had stood in the public right of way or on land of the plaintiff.

As to paragraph 2 of the complaint it becomes manifest upon the record that the real estate owned by the plaintiff and the property from which the defendant cut and removed the trees are one and the same premises. Defendant can not stand upon its mere denial as to that. Rule 56 (e), *supra*. The confession and avoidance advanced by the defendant consisted of hearsay as to statements of Mrs. Herrick who did not furnish an affidavit or deposition. Rule 56 (e), (f), *supra*. Defendant's assertion that the plaintiff knew or ought to have known that the trees were being severed is a disputative rationalization, was not made on personal knowledge and sets forth no facts such as would be admissible in evidence or show affirmatively that the defendant affiant was competent to testify to the matters stated. Rule 56 (e), *supra*.

The plaintiff has sworn that the trees were upon his delineated property. Defendant in an opposing affidavit has sworn that it has no knowledge whether the trees were

in the public right of way or on land of the plaintiff. Defendant's response sets forth no specific fact save defendant's ignorance of the objective reality of the situation. Such a response does not generate a genuine issue. Rule 56 (e), *supra.* Since the record is void of any issue as to the trees having stood upon the plaintiff's property it is of no moment whether the trees were stationed within plaintiff's occupancy of his land, within the wrought or upon the traveled public right of way.

> "It is well-established law that presumptively the adjoining landowner owns the soil to the center of the way. Subject to the easement of passage, he may cultivate the soil and take the herbage growing thereon. - - - -
>
> 'The public have no right in a highway excepting the right to pass and repass thereon. Stackpole v. Healy, 16 Mass., 33.
>
> 'Subject to the right of mere passage, the owner of the road is still absolute master' Stinson v. City of Gardiner, 42 Me., 248, 254.
>
> - - - - - - - - - -
>
> "Nothing in this record rebuts the presumption of centerline ownership - - - The New Hampshire Court has declared: 'Generally they' (meaning trees by the roadside) 'are the property of the adjoining landowner. In the absence of evidence transferring the title out of him, it is to be assumed such trees are his property. In him is vested the right of property and of beneficial enjoyment. The public has no right to the trees or to use them, even if necessarily removed, to construct or maintain the way. For any interference with his possession or right of possession in such trees the adjoining owner has his action.' McCaffrey v. Concord Electric Company, 114 A. 395."

*Brooks* v. *Bess,* 135 Me. 290, 291.

In the instant case there was no error in the interlocutory ruling and order of the presiding justice.

*Ruling and order sustained.*

*Action remanded to the Superior Court upon the issue of damages.*