343 So.2d 631 (1977)
Edith STEINAU, Appellant,
v.
Leslie STEINAU, Jr., Appellee.
No. 75-2155.
District Court of Appeal of Florida, Fourth District.
February 11, 1977.
Rehearing Denied March 25, 1977.
Ronald Sales of Sales & Christiansen, Palm Beach, for appellant.
Sidney M. Dubbin, West Palm Beach, for appellee.
*632 ANSTEAD, Judge.
This is an appeal from an order modifying the terms of a New York decree for alimony. The parties were divorced in New York and the wife awarded alimony of $200.00 weekly on November 18, 1970. Thereafter the husband petitioned for modification and based upon the parties' stipulation on that petition the court reduced the alimony to $125.00 weekly by an order of June 19, 1972. After the wife initiated proceedings in Florida against the husband to recover arrearages in alimony the husband filed a counter-claim for modification seeking to modify the order of June 19, 1972. Upon trial, the trial court granted the husband's petition and ordered the termination of alimony payments retroactive to the date of the filing of the husband's counterclaim. The wife now appeals asserting that the trial court erred in terminating alimony and in making the termination retroactive.
The trial court has broad discretion in matters of this nature and ordinarily his rulings will not be disturbed. Nixon v. Nixon, 200 So.2d 263 (Fla.3d DCA 1967). However, we conclude under the circumstances of this case that the trial court abused his discretion in completely terminating alimony payments to the wife.
Essentially the husband sought modification in the trial court on the same grounds as he sought modification in New York in 1972. A careful examination of the record reveals that the only material change in circumstances shown during the course of the trial was an increase in the wife's earnings by the amount of $140.00 monthly. While this may justify some modification it is far from sufficient to justify a complete termination of alimony. A petition for modification does not authorize the trial court to retry the issue of alimony. The issue before the trial court is whether there has been such a substantial change in circumstances since the time of the previous decree to merit modification and if so what modification is warranted by the changed circumstances.
We find no error in the trial court's order making a modification retroactive to the time of the filing of the husband's counterclaim.
Accordingly, the trial court's order is hereby vacated and this cause is remanded for further proceedings consistent herewith.
ALDERMAN and LETTS, JJ., concur.