**Patricia C. LINDSLEY**

v.

**Frederick O. LINDSLEY.**

Supreme Judicial Court of Maine.

Aug. 14, 1978.

Murray, Plumb & Murray by Peter S. Plumb (orally), John C. Lightbody, Portland, for plaintiff.

Kurtz & Myers by Theodore H. Kurtz, South Paris (orally), for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and NICHOLS, JJ.

POMEROY, Justice.

The background of this appeal challenging the propriety of the entry of summary judgment against the defendant below is complex.

On August 9, 1971 the parties to this proceeding, Patricia C. Lindsley and Frederick O. Lindsley, were divorced pursuant to a Florida decree. Mrs. Lindsley was awarded alimony of $125 per week. On August 13, 1974, Mrs. Lindsley brought an action in Superior Court in Maine seeking alimony arrearages that had accrued as of that date. Mr. Lindsley counterclaimed in two counts. The first count alleged that a separation agreement survived the divorce and therefore that a smaller amount of alimony was due than the amount Mrs. Lindsley was claiming. This count was eventually resolved in Mrs. Lindsley's favor by our decision in *Lindsley v. Lindsley,* Me., 374 A.2d 311 (1977), after final judgment on the count had been entered in the Superior Court in compliance with M.R.Civ.P. 54(b). The second count sought reduction of future payments after August 13, 1974 on the ground of changed circumstances. As of the filing of this appeal, no action has been taken on this count.

On July 7, 1977 Mrs. Lindsley filed a complaint in a new action which is the source of this appeal. This new complaint sought arrearages in alimony that had accrued from August 4, 1974 until the date of filing the new action. The complaint was later amended to request a future increase of alimony payments.

In his answer to the amended complaint Mr. Lindsley moved to dismiss on the

grounds that his second count in the prior action was still pending. The motion was denied. Mr. Lindsley also denied that he owed the amounts claimed to be due and asserted that his alimony payments should be reduced because of changed circumstances.

Mrs. Lindsley eventually moved for summary judgment in the 1977 action. Her attorney filed an affidavit stating that alimony had accrued and had not been paid. No opposing affidavits were filed. The justice below found that there was no genuine issue for trial and granted the judgment in Mrs. Lindsley's favor.

Following entry of final judgment on the claim for arrearages in accordance with M.R.Civ.P. 54(b), Mr. Lindsley seasonably appealed. He claims as error the denial of his motion to dismiss and the granting of summary judgment against him.

We sustain the appeal on the ground that summary judgment was improperly granted.

■ Entry of summary judgment under M.R.Civ.P. 56 is only appropriate in cases where there is no genuine issue as to any material fact. *E. g. Statler Industries, Inc., v. Board of Environmental Protection*, Me., 333 A.2d 703 (1975). As Judge Peters, then Judge of the District Court, District of Maine, observed in *Belanger v. Hopeman Bros.*, 6 F.R.D. 459 (1947),

> Its [summary judgment] purpose is to enable parties to a case in court, by filing pleadings, affidavits and admissions, or otherwise, to squeeze out of the case all matters in controversy, except the law, and to authorize the court to give judgment on undisputed facts.

See also, *Bradstreet v. Clarke*, Me., ——— A.2d ———, ——— (1978).

■ It is apparent from the pleadings [1] in this case that there was a genuine issue of fact regarding the amount of alimony due to Mrs. Lindsley after August 13, 1974. In his answer to the amended complaint Mr. Lindsley alleged:

> There has been a substantial change in the circumstances of Plaintiff Lindsley and in the financial affairs of Defendant since August 9, 1971 making future payments in accordance with the Order of that Date unnecessary, unreasonable and unduly burdensome upon Defendant.
>
> Wherefore, Defendant requests this Court to modify the terms of the divorce decree between the parties so as to relieve Defendant from any further or future alimony payments of Plaintiff Lindsley and to give Defendant such other and further relief as the case warrants.

A fair reading of this answer shows that Mr. Lindsley has demonstrated a genuine issue of fact as to whether his circumstances had changed sufficiently, since the entry of the 1974 judgment, to warrant reduction or termination of his obligation to make alimony payments.[2] Given the existence of a genuine issue of fact, it was error to grant summary judgment.

---

**1.** Plaintiff's attorney filed an affidavit with plaintiff's motion for summary judgment in which he averred that Mr. Lindsley had made no payments since August 4, 1974 that could be credited towards the alimony due as of that date. No counter affidavits were filed. M.R. Civ.P. 56(e) provides in part that

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

See *Sawyer v. Congress Square Hotel*, 157 Me. 111, 170 A.2d 645 (1961); *Brawn v. John Lucas Tree Expert Co., Inc.*, 157 Me. 242, 170 A.2d 694 (1961).

We need not decide what effect this portion of the rule might have on Mr. Lindsley's failure to file opposing affidavits since plaintiff's affidavit is legally insufficient. Rule 56(e) also provides that affidavits shall be made on personal knowledge of the affiant. Nowhere in the affidavit is there such an averment.

**2.** Mrs. Lindsley makes no argument that a Maine Court has no power to modify the Florida decree because of changed circumstances. Both Maine and Florida law, however, appear to allow such modification. See *Steinau v. Steinau*, 343 So.2d 631 (Fla.App.1977); *Button v. Button*, Me., 222 A.2d 245 (1966).

The entry must be:

Appeal sustained.

Judgment set aside.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

GODFREY, J., did not sit.