GERARD S. PARADOWSKI, Acting Corporation Counsel Milwaukee County
You have requested my opinion concerning the remedies available to a hotel proprietor when a registered guest takes hotel property without authorization or overstays the agreed-upon visit without an extension of his or her reservation.
1. Theft of Hotel-Motel Property. You first ask whether the temporary detention provision of the shoplifting statute, sec.943.50, Stats., can be used by innkeepers. Section 943.50(1), Stats., specifically refers to the conversion of "merchandise held for resale by a merchant." Clearly, an innkeeper does not hold goods for resale; hence this section is not applicable. The general theft statute, sec. 943.20, Stats., applies in the absence of an appropriate specific provision, but that statute does not provide for temporary detention of lodgers who are caught stealing inn property. The innkeeper is accordingly limited to a common law right to make a private arrest.
Generally, innkeepers are faced with the theft of small, concealable articles taken from lodging rooms; usually such thefts are misdemeanors. Restatement (Second) of Torts sec. 119 (1965) states the common law rule for private arrest of persons committing misdemeanors as follows:
 [A] private person is privileged to arrest another without a warrant for a criminal offense
 . . . . *Page 218 
 (c) if the other, in the presence of the actor, is committing a breach of the peace or, having so committed a breach of the peace, he is reasonably believed by the actor to be about to renew it . . . .
See also Radloff v. National Food Stores, Inc., 20 Wis.2d 224,121 N.W.2d 865, 123 N.W.2d 570 (1963).
It appears that except in extremely rare circumstances innkeepers will not be able to use the common law right to make a private arrest. First, it is not probable that theft of room articles will be made in the presence of inn employes. Comment m to Restatement (Second) of Torts sec. 119 (1965) states:
 The phrase "in the presence of the actor" means that the actor by the use of his senses knows that the other is committing the act which constitutes the breach of the peace or the attempt to commit a felony. It is not enough that the act is done in the immediate neighborhood of the actor; he must be aware of its commission. On the other hand, it is not necessary that the act be done in the actor's immediate neighborhood. If the actor, by the use of any of his senses, perceives that an act is being done, and forthwith investigates and finds that the act constitutes a breach of the peace, he is privileged to arrest under the statement in Clause (c).
Second, the innkeeper will not be able to make a private arrest unless the act of theft itself amounts to a breach of peace. Prior to the enactment of sec. 943.50(3), Stats., the court inRadloff stated:
 We conclude that as a matter of policy the authority of a person not an officer to arrest for a misdemeanor committed in his presence should be limited to instances where the public security requires it, that is to acts which involve, threaten, or incite violence. We do not consider the misdemeanor, theft, a breach of the peace in this sense.
Id. 20 Wis.2d at 237b. Although this conclusion was reached before temporary detention was permitted for shoplifting, this passage states the law for thefts other than shoplifting. It is possible, of course, that an attempt to flee dangerously after being caught with stolen goods might amount to a breach of peace.Moll v. United States, 413 F.2d 1233 (5th Cir. 1969). In any event, some element of danger or violence *Page 219 
must accompany the act of theft before an innkeeper may legitimately detain a lodger who has stolen room articles.
2. Guest Overstaying Without Extension of Reservation. Under common law, innkeepers have traditionally been required to accommodate all who are willing to pay the asked price. HullHospital v. Wheeler, 216 Iowa 1394, 250 N.W. 637 (1933). 43A C.J.S. Inns, Hotels, and Eating Places sec. 14a. In the case of a hotel or inn, a person becomes a guest once he or she has sought the status of guest and has been received as such by the host.Freudenheim v. Eppley, 88 F.2d 280 (3rd Cir. 1937); Jalie v.Cardinal, 35 Wis. 118 (1874). Certain reasons have been held to justify the rejection or ouster of a person as a guest. Two are relevant here. First, the proprietor may exclude a person if accommodations are exhausted. Jackson v. Virginia Hot SpringsCo., 209 F. 979 (W.D. Va. 1913). And second, once the status of a person who has been received as a guest changes to that of resident (and analogous to that of a boarder or lodger), that person may be lawfully excluded by the innkeeper. Raider v. DixieInn, 198 Ky. 152, 248 S.W. 229 (1923). Hence, the common law right of every person to enter and be accommodated at an inn is not absolute, nor does it extend indefinitely. It extends, rather, for a reasonable time. Vansant v. Kowalewski, 28 Del. 92,90 A. 421 (1914).
Where the parties have agreed to a specified term by reservation, that term is the best evidence as to the period during which the guest's right exists. When that period expires, the guest status ends, and the person who has not timely extended the reservation has a right no greater than that of any other person who has not yet become a guest. A problem of particular concern is where the guest has overstayed the agreed-upon period of time and the hotel keeper has already rented the room for use by others. When an individual's guest status terminates, his or her rights become subordinate to those held by a new guest whose reservation period has already begun. The determining factor, then, is whether a person has achieved and maintained guest status, since one without guest status has no legal right to remain in an inn against the will of the innkeeper. People onComplaint of DuBois v. Thorpe, 101 N.Y.S. 2d 986, 198 Misc. 462
(1950).
There remains the question as to what recourse an innkeeper has to effect a vacating of premises wrongfully occupied. It is arguable that the applicable penal statute for this conduct is sec. *Page 220 943.13(1)(b), Stats., trespass to land, and not sec. 943.21, Stats., fraud on an innkeeper. As you point out, it is not likely that sec. 943.21, Stats., would be applicable to this type of conduct, unless it could be construed as a "transaction" arising out of the relationship as guest. Section 943.13(1)(b), Stats., appears broad enough to encompass an overstaying hotel guest. Difficulties may arise, however, in reading this subsection in context. In particular, I have some reservation as to the applicability of sec. 943.13(1)(b), Stats., to the matter of hotel overstays, since the thrust of sec. 943.13, Stats., is directed toward criminal trespass of "land" and not "property" in the sense of buildings and other structures. Should sec. 943.13
(1)(b), Stats., be applicable, the person who insists upon remaining without right to do so would be guilty of criminal trespass, a class C misdemeanor under sec. 943.13(1)(b), Stats., and the hotel keeper could rightfully enlist the aid of the police to remove such a person.
BCL:JDJ